## D. C. Allison et al. v. John H. Taylor et al.

CONTRACT—*effect given to interpretation of parties.* The interpretation which parties by course of dealing have placed upon their contract will ordinarily be adopted and enforced by the courts.

Injunctional proceeding. Appeal from the Circuit Court of Crawford County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

PARKER & NEWLIN and EAGLETON & BAKER, for appellants.

BRADBURY & MacHATTON, for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Crawford county, assessing damages in the sum of $25 for solicitor's fee, upon the dissolution of an injunction, which appellants had obtained against appellees.

On the 3d day of November, 1904, appellants procured an injunction against appellees, restraining them from contracting for the construction of a concrete sidewalk, upon and along a certain street in the village of Flat Rock. On the next morning after the injunction writ was served, one of the members of the board of trustees requested the law firm of Bradbury & MacHatton to appear for appellees and defend the suit. This member was informed that the fee would be $25, and he said, "Go ahead and defend the case and we will make it all satisfactory." Bradbury & MacHatton did appear for appellees and looked after the case for them, and appellees did pay therefor the sum of $25.

Allison v. Taylor.

At the March term, 1905, appellants moved the court for leave to dismiss their bill, and in pursuance thereof the injunction was dissolved and the bill dismissed, whereupon appellees filed suggestion of damages; and at the March term, 1906, the cause came on for hearing upon appellees' suggestion of damages, a jury was waived, the court heard the evidence and assessed appellees' damages at the sum of $25, being the amount they had paid to Bradbury & Mac-Hatton for their services in the case.

Appellants insist that by reason of a certain contract which the village of Flat Rock had with the law firm of Bradbury & MacHatton, appellees ought not to have paid them anything for defending this suit and therefore ought not to have been reimbursed by this judgment for what they did pay. Here we may note that it is not claimed that the amount paid is in excess of a proper fee for the services rendered, in this particular case.

The village of Flat Rock had in contemplation the making of local improvements by way of constructing concrete sidewalks, and employed the firm of Bradbury & MacHatton, for the term of one year, "to draw all ordinances and defend the Board in all difficulties which might arise from the building and erecting concrete sidewalks in the village, for all of which services the village was to pay said firm the sum of twenty-five dollars per year." Now appellants claim that appellees had the power to require Bradbury & MacHatton to defend appellants' injunction suit under this contract, without compensation other than the annual stipend mentioned, and that not having done so, appellees cannot be reimbursed, although they did in fact pay in addition to the annual salary what would otherwise be a reasonable fee for such services.

It is clear that if Bradbury & MacHatton had in fact performed these services under their contract with the village of Flat Rock, then appellees could not recover anything here for their services; for appellees would not in that case have been out anything for such services. But appellants were not parties to that contract, and neither the village of Flat Rock nor Bradbury & MacHatton, the parties to it, under-

stood that it embraced the character of services involved in this case, and in good faith so interpreted the contract from the very beginning of this suit, and appellees did in good faith pay a proper fee for the services rendered. We are of opinion that appellants have not the right to complain here of the interpretation the parties to that contract, in good faith, put upon it.

The judgment of the Circuit Court is affirmed.

*Affirmed.*